Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000358
28-FEB-2019
08:54 AM

NO. CAAP-17-0000358

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MAKILA LAND CO., LLC., Plaintiff-Appellee, v.
JONAH KEʻEAUMOKU KAPU, Defendant-Appellant,
Heirs or Assigns of KUA (k), KAINOA (w), also known as KAINOA
KIKUE OLALA (w), and SAMUEL HIKU KAHALIA; JOHN PAUL KAPU;
VICTORIA Q. WHITE; KALANI KAPU; and ALL WHOM IT MAY CONCERN,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0397(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Keʻeaumoku Kapu (Kapu) appeals from
the March 21, 2017 Final Judgment entered by the Circuit Court of
the Second Circuit (Circuit Court)[1] upon remand by this court
after his previous appeal from this quiet title action in CAAP-
12-0000547 (Makila I).

BACKGROUND

In Makila I, this court vacated judgment in Plaintiff-
Appellee Makila Land Co., LLC's (Makila) favor "insofar as it
granted summary judgment on Makila's paper title claim and
quieted title in favor of Makila" because "Makila did not
establish that it received title to Apana 1 from [immediate
predecessor in interest] Pioneer Mill" and remanded the case for
further proceedings.

On remand, Makila moved for a determination and
judgment that it was the owner of Apana 1, presenting a

---

[1] The Honorable Rhonda I.L. Loo presided.

declaration by a land surveyor and territorial maps supporting their position that the parcel TMK (2) 4-6-21-4, included in the deed from Pioneer Mill Company, Limited (Pioneer Mill) to Makila, included Apana 1. This Motion for Judgment After Remand (Motion) bore a certificate of service attesting to service of the Motion on December 20, 2016 to four of the original defendants and Kapu. Noting that no opposition to the Motion was filed, the Circuit Court granted the Motion.

On March 28, 2017, Kapu moved to vacate the order granting the Motion, solely on the basis that he had not been given notice of the Motion. Kapu also argued that our mandate in the previous appeal "for proceedings consistent with" the opinion required Makila to "obtain a summary judgment" or a "verdict after trial" and did not authorize the Circuit Court to "merely enter[] a judgment in favor of" Makila. Significantly, Kapu did not argue that the Circuit Court's substantive finding that Makila "received title to Apana 1 from Pioneer Mill" was incorrect. A hearing was held on his motion, where Kapu appeared, pro se, and was allowed the opportunity to argue his position. The Circuit Court, noting that the certificate of service signed by Makila's attorney bore the same address as that on Kapu's motion, and in any event, that Kapu did not present a meritorious argument why the Motion should not have been granted, held that there was no basis presented to vacate the order granting the Motion and denied Makila's motion to vacate.

In this appeal, Kapu contends that the Circuit Court erred in denying him an opportunity to present evidence and argument contesting Makila's Motion because he and at least two of the other original defendants[2] did not receive notice of

_____

[2] Original defendants in this quiet title action, Civil No. 09-1-0397(1), included Heirs or Assigns of Kua (k), Kainoa (w), also known as Kainoa Kikue Olala (w), and Samuel Hiku Kahalia, Victoria Q. White, Kalani Kapu, and, John Paul Kapu, Pearl M. Kanuha, Dornali Kanuha Legsay, Arthurlynn Kanuha, Crosby L.K. Kanuha, Stanley A. Kanuha, Hans M. Kanuha, and Victoria Nohealani Kaluna-Palafox. Only Kapu filed a Notice of Appeal and briefs in the previous appeal, CAAP-12-0000547.

"The designations of '(k)' and '(w)' appear to represent the words 'kane' and 'wahine', the Hawaiian words for 'man' and 'woman', respectively." Makila Land Co., LLC v. Kapu (Makila 1), 139 Hawaiʻi 261, 388 P.3d 49, 2016 WL
(continued...)

Makila's Motion.  Kapu further contends that the Circuit Court erred in granting Makila's Motion because there was a genuine issue of material fact as to whether the parcel transfer from Pioneer Mill to Makila was effective because Pioneer Mill would have been unable to transfer the title Kapu claims that he holds.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments made by the parties we resolve Kapu's appeal as follows and affirm.

1.    The Circuit Court did not deny Kapu an opportunity to present evidence and argument in opposition to the Motion. Assuming, without deciding, that Kapu did not receive service, he was able to present his opposition to the Motion through his own motion to vacate and the hearing held on his motion.  At no time did he present a substantive argument in opposition to the Motion.

2.    By failing to raise any substantive arguments in opposition to the Motion before the Circuit Court, Kapu has failed to preserve these arguments for appeal.  "In general, 'failure to raise or properly reserve issues at the trial level will be deemed waived.'"  Enoka v. AIG Hawai'i Ins. Co., 109 Hawai'i 537, 546, 128 P.3d 850, 859 (2006) (citation omitted). In any event, to the extent Kapu's argument is based on a claim[3] that Pioneer Mill could not transfer title to Makila because he had title to Apana 1, that argument is foreclosed by our decision in Makila I that Makila had proven its paper title through to Pioneer Mills, as law of the case.  See Weinberg v. Mauch, 78 Hawai'i 40, 47, 890 P.2d 277, 284 (1995) ("The doctrine of the law of the case states that 'a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the

_____

[2](...continued)
6136995, at ***1 n.3 (App. Oct. 21, 2016) (mem.) (citing Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary 128, 377 (rev. ed. 1986)).

[3]    The Declaration of Ke'eaumoku Kapu, purportedly attached to his opening brief, see, Opening Brief at 20, violates Hawaii Rules of Appellate Procedure Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule.").  It is therefore disregarded.

question at a later stage of the litigation.' . . . This doctrine applies to issues that have been decided either expressly or by necessary implication [and] . . . 'applies to single proceedings, and operates to foreclose reexamination of decided issues either on remand or on a subsequent appeal[.]'").

   Therefore, the Final Judgment entered by the Circuit Court of the Second Circuit on March 21, 2017, is affirmed.

   DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Daniel M. Gluck,
for Defendant-Appellant.

                Presiding Judge

Michael W. Gibson,
Francis P. Hogan, and
Benjamin M. Creps,
(Ashford & Wriston)
for Plaintiff-Appellee.

                Associate Judge

                Associate Judge